

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| LINDY MARTIN, et al., | ] |
| Plaintiffs, | ] |
| v. | ] CV-02-BE-0548-W |
| J. C. PENNEY CO., INC., | ] |
| Defendant. | ] |

Memorandum Opinion

This matter is before the court on the defendant's Motion for Summary Judgment (Doc. 7), which has been briefed by both sides and is under submission. For the reasons stated below, the court finds that the motion is due to be denied. A separate order will be entered.

Background

This lawsuit arises from an incident in which the Plaintiff Lindy Martin and her infant son were detained and questioned by J.C. Penney loss prevention employees on May 24, 2001. The plaintiff, on behalf of herself and her infant child, filed suit on March 01, 2002, basing jurisdiction upon diversity of citizenship. Although the complaint does not contain an ad damnum clause, the plaintiff claims that the amount in controversy exceeds $75,000. The plaintiff asserts claims against the defendant for false imprisonment, and seeks compensatory and punitive damages.

On September 16, 2002, the defendant filed its motion for summary judgment and supported it with the affidavit of Brad Caldwell (Doc. 7, 9). The defendant, in essence, contends

that it had probable cause to detain the plaintiff on suspicion of shoplifting.

## Undisputed Facts

This court has an established procedure for presenting and opposing of dispositive motions designed to readily identify the undisputed and disputed facts. See Exhibit A to Scheduling Order (Doc. 5 ) Because plaintiff's counsel failed to comply with those requirements, the court's determination of undisputed facts was hampered. Instead of identifying which facts plaintiff challenged, the plaintiff's Response contained the following statement as "facts":  "1. On or about May 24, 2001 the Plaintiffs was [sic] wrongly accused of shoplifting and was intentionally and falsely arrested and/or detained and their persons and personal belongs illegally searched. (Complaint, paragraphs 5 -10 and Deposition of Lindy Martin pages 48 - 55)." This one sentence constitutes the plaintiff's entire response to the three pages of facts outlined by the defendant, as well as the supporting affidavit of Brad Caldwell submitted by defendant. The plaintiff attached to her response her Complaint and excerpts from her deposition, but did nothing to challenge the facts set forth by the defendant.

As best the court can tell, the following facts are not in dispute[1]:

On May 24, 2001, the plaintiff went shopping at University Mall in Tuscaloosa. After shopping at Victoria's Secret and Parisian, the plaintiff went into the defendant's store, with her infant son in his stroller. She took several items of clothing with her to the dressing room. She

---

[1] The facts set out in this Order are gleaned from the briefs submitted by the parties regarding plaintiff's Motion for Summary Judgment and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta,* 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund,* 17 F. 3d 1386, 1400 (11th Cir. 1994).

left when her son became fussy and needed to be fed. As Ms. Martin was putting her son into the car seat, Mr. Cardwell and a woman employee approached her and asked or instructed her to return to the store. Her son was crying and upset. Mr. Cardwell and the woman walked Ms. Martin through the store to a back room where they went through her packages and looked in the stroller. When they did not find any merchandise, they apologized to Ms. Martin and told her she could leave.

The thrust of J.C. Penney's defense is that it had probable cause to stop Ms. Martin. Its defense rests upon Mr. Cardwell's affidavit. In that affidavit, Mr. Cardwell states:

> (4) On the day in question, I saw Mrs. Martin with a stroller pick up several items and enter J. C. Penney's dressing room.
>
> (5) At that point in time, I informed one of the other Loss prevention Officer's working under me to set up outside the dressing room so that the plaintiff could be watched.
>
> (6) When the plaintiff left the dressing room, she had less clothing than when last seen entering the dressing room.
>
> (7) The dressing rooms from which the plaintiff exited <u>were checked</u> on two separate occasions to ensure that the clothes had not been left in the dressing rooms.
>
> (8) One of the sales associates who was in the area <u>was also questioned</u> as to whether or not the plaintiff had given her any clothing. The plaintiff had not given that associate any clothing.
>
> (9) <u>Based on her suspicious behavior before entering the dressing room</u>, and our investigation after her leaving the dressing room, Melissa Falls and myself stopped the plaintiff in the parking lot of the store.

The court finds Mr. Cardwell's affidavit lacking for two reasons. Although the first paragraph of the affidavit states that he "has personal knowledge of the matters stated herein," the statements contained in paragraphs 6, 7, and 8 do not appear to be based on personal

3

knowledge. For example, in paragraph 7, the affidavit states that the dressing rooms "were checked" but fails to state who checked the rooms.

Second, in paragraph 9, Mr. Caldwell states that "based on her suspicious behavior before entering the dressing room," he and another person stopped the plaintiff. However, the only behavior described before the plaintiff entered the dressing room is that he saw "Mrs. Martin with a stroller pick up several items and enter J. C. Penney's dressing room." The affidavit provides no other information about the plaintiff's "suspicious behavior" before entering the dressing room.

The key issue for the court to determine is whether the defendant had probable cause to believe that plaintiff had unlawfully taken goods. See Ala. Code § 15-10-14. Because the affidavit on which defendant relies to establish probable cause does not describe the plaintiff's "suspicious behavior", other than stating she had a stroller, but merely asserts in a conclusory fashion that plaintiff was stopped because of her suspicious behavior, the court cannot make a determination of whether the defendant in fact had probable cause to detain the plaintiff.

When moving for summary judgment, the defendant has the burden to prove not only the absence of genuine issues of material fact, but also that it is entitled to judgment as a matter of law. Federal Rules of Civil Procedures 56(c). Based on the record presented, the court cannot determine as a matter of law that the defendant had probably cause to detain plaintiff. This denial of summary judgment, however, should not be construed as a conclusion that the defendant lacked probable cause. Indeed, upon presentment of witnesses with personal knowledge and the factual details of the plaintiff's alleged "suspicious behavior," the court may be able to determine as a matter of law that probable cause existed. The current record merely

4

precludes such a determination at this time.

The defendant's Motion for Summary Judgment will be denied by separate order.

DONE and ORDERED this _9th_ day of December, 2003.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

5